STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MOLLY K. PRIEDEMAN (CABN 302096)
CASEY BOOME (NYBN 5101845)
ANDREW PAULSON (CABN 267095)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
molly.priedeman@usdoj.gov
casey.boome@usdoj.gov
andrew.paulson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY J. GARCIA,<br><br>Defendant. | CASE NO. 21-CR-00429-YGR<br><br>UNITED STATES' MOTION TO SEAL CERTAIN EXHIBITS AND NOT DISPLAY CERTAIN EXHIBITS TO GALLERY |

As detailed in the United States' pretrial filings, the government intends to introduce into evidence numerous sexually explicit photographs that Garcia took of two of the victims in this case. A number of the photographs were taken without the knowledge or consent of Victim 3. Through this motion, the United States moves this Court for an order sealing these exhibits, specifically Exhibits 51-56 (photographs of Victim 1) and Exhibits 65-114 (photographs of Victim 3).

"Under the [F]irst [A]mendment, the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Publ'g Co. v. U.S. Dist. Ct. for the Dist. Of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990). This presumed right may be overcome only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co.*, 920 F.2d at 1466. Here, the nature of the exhibits in question are undeniably sensitive and the victims will be retraumatized by the disclosure of the photographs to members of the public. There is a compelling interest in protecting the dignity and privacy of the victims in this case, and a substantial likelihood of harm if the exhibits are not sealed. Indeed, sealing these exhibits is necessary to maintain "respect for the victim's dignity and privacy." *See* 18 U.S.C. § 3771(a)(8). There are also no less restrictive ways to protect these interests.

The United States also seeks an order for permission to turn off the monitors facing the gallery during the display of the aforementioned sexually explicit photographs while the witnesses are testifying.[1] The Ninth Circuit has held that it is common for a court to receive exhibits during trial without having them "passed around to the spectators in the courtroom." *D'Aguino v. United States*, 192 F.2d 338, 365 (9th Cir. 1951), and other courts to consider the issue have determined that the decision not to display sexually explicit images to the gallery does not constitute a "closure of the courtroom for purposes of the Sixth Amendment." *United States v. Boyle*, 700 F.3d 1138, 1144-45 (8th Cir. 2012) (quotations omitted).

---

[1] In the Joint Pretrial Conference Statement, the government indicated that it intended to display redacted versions of these photographs on the screens facing the gallery and the witness. After further consideration and discussion with the attorney for one of the victims, the government believes that additional safeguards are necessary to protect the victims' dignity and privacy. The government also intends to use redacted versions of some of the exhibits in opening and closing statements, and asks that the monitors be turned off during that time as well.

For the reasons stated herein, the Court should grant the motion to seal the sexually explicit photographs and permit the United States to turn off the monitors facing the gallery during the display of the photographs. The government discussed the contents of this motion with defense counsel, who indicated that the defendant did not oppose either request articulated in the motion.

DATED: November 3, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Molly K. Priedeman*
MOLLY K. PRIEDEMAN
ANDREW PAULSON
CASEY BOOME
Assistant United States Attorneys

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MOLLY K. PRIEDEMAN (CABN 302096)
CASEY BOOME (NYBN 5101845)
ANDREW PAULSON (CABN 267095)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
molly.priedeman@usdoj.gov
casey.boome@usdoj.gov
andrew.paulson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY J. GARCIA,<br><br>Defendant. | CASE NO. 21-CR-00429-YGR<br><br>[PROPOSED] ORDER TO SEAL CERTAIN EXHIBITS AND NOT DISPLAY CERTAIN EXHIBITS TO GALLERY |

The United States moves to seal exhibits that consist of sexually explicit photographs of two of the alleged victims in this case. The victims' interest in privacy is a compelling interest, and there is a substantial probability that, in the absence of sealing, this compelling interest would be harmed. Moreover, there are no alternatives to sealing these exhibits that would adequately protect the compelling interest.

Upon motion of the United States, IT IS HEREBY ORDERED that the following exhibits be sealed: Exhibits 51-56 (photographs of Victim 1) and Exhibits 65-114 (photographs of Victim 3). When

admitted at trial, these exhibits will remain under seal until further order of the Court. Further, the United States shall be permitted to turn off the monitors facing the gallery when the exhibits are displayed in court.

IT IS SO ORDERED.

DATED: ____________________

_______________________________________
HON. YVONNE GONZALEZ ROGERS
United States District Judge