**Volume 9**

**Pages 1414 - 1425**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
   VS.                         )      **NO. CR 21-00429-YGR**
                               )
RAY J. GARCIA,                 )
                               )
          Defendant.           )
_____)

                         Oakland, California
                         Thursday, December 8, 2022

               **TRANSCRIPT OF TRIAL PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
                    **STEPHANIE M. HINDS**
                    United States Attorney
                    1301 Clay Street, Suite 340S
                    Oakland, CA  94612
              BY:  **MOLLY PRIEDEMAN**
                   **ANDREW PAULSON**
                   **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
                    SUMMIT DEFENSE, APLC
                    4040 Civic Center Drive, Suite 200
                    San Rafael, CA  94903
              BY:  **JAMES T. REILLY, ESQUIRE**

Reported By:  Pamela Batalo-Hebel, CSR No. 3953, RMR, FCRR
              Official Reporter

# I N D E X

Thursday, December 8, 2022 - Volume 9

|  | **PAGE** | **VOL.** |
|---|---|---|
| Note 1 | 1416 | 9 |
| Verdict | 1418 | 9 |

**Thursday - December 8, 2022**                                    **9:37 a.m.**

P R O C E E D I N G S

---000---

**Note 1**

THE COURT:  The jury is -- sent a note, and we'll give you a copy.  It says, "Is it possible to get the two lists of the stipulated facts," so I think it's really up to you.

They were read into the record, but they are -- they were pretty kind of detailed.

My notes with respect to the stipulations indicate that not all of them were read, so the ones that were read at Docket 59 were 1, 2, 3, 4, 5, and 7, 16.  And then there was one more read from a separate filing, and I actually didn't have that one originally.  I didn't have that one in my book.

MR. PAULSON:  Your Honor, it was No. 8.  It was separately filed.

THE COURT:  Okay.  So if you want, you can take those ones and just put it on a blank sheet of paper, and we can title it "Stipulations" and send it in.  Thoughts?

MS. PRIEDEMAN:  I think that would be appropriate, Your Honor.

MR. REILLY:  That would be fine with me.

THE COURT:  Okay.  Why don't you then go ahead and do that, and if you'll both initial it at the bottom, print up a copy, I'll attach it to their question and send it back in, in

response to their question.

MR. REILLY:  That's fine, Your Honor.

THE COURT:  Okay.  Why don't you work on it in here, and you can send it to Mr. Garcia.  He can print it.  You can initial it, and then he'll bring it back to me.

MS. PRIEDEMAN:  I think we need to go back to the office, Your Honor, because I don't think it's connected to our system here.

MR. PAULSON:  Your Honor, all I need to do is copy and paste them into a blank piece of paper, and then I can bring them back.

THE COURT:  Okay.  It's up to you, then.  We will stand in recess again until we hear from them.

MR. REILLY:  Thank you, Your Honor.

MS. PRIEDEMAN:  Thank you, Your Honor.

(Recess taken at 9:41 a.m.)

(Proceedings resumed at     .m.)

(Proceedings were heard out of presence of the jury:)

THE CLERK:  Now calling CR 21-0429-YGR, United States vs. Ray J. Garcia.

Counsel, starting with the Government, please state your appearance for the record.

MS. PRIEDEMAN:  Good afternoon, Your Honor.  Molly Priedeman and Andrew Paulson for the United States.

THE COURT:  Good afternoon.

**MR. REILLY:**  Good afternoon, Your Honor.  Jim Reilly. of Summit Defense appearing on behalf of Mr. Garcia, who is also in court.

**THE COURT:**  Good afternoon.

As you know, we received a notice that the jury has a verdict, so we will bring the jury in.

(Proceedings were heard in the presence of the jury:)

**THE COURT:**  Everybody may be seated.  We are now back in session.

Members of the Jury, I understand that you have a verdict; is that right?

**A JUROR:**  That's right.

**THE COURT:**  All right.  Mr. Garcia, please read the verdict.

### VERDICT

**THE CLERK:**  Ladies and Gentlemen of the Jury, you will listen to the reading of your verdicts.

"In the case of United States of America vs. Ray J. Garcia, Criminal Case 21-429-YGR, we, the jury in the above-entitled case, make the following unanimous findings as to Defendant, Ray J. Garcia, as to each count below.

"For Count 1 of the indictment, a violation of Title 18 U.S.C. Subsection 2243(b) for the crime of sexual abuse of a ward for engaging in a sexual act with Melissa:  Guilty.

"For Count 2 of the indictment" -- let me take my mask --

"a violation of Title 18 U.S.C. Subsection 2243(b), for the crime of sexual abuse of a ward for engaging in a sexual act with Melissa:  Guilty.

"For Count 3 of the indictment, a violation of Title 18 U.S.C. Subsection 2244(a)(4) for the crime of abusive sexual contact for engaging in sexual contact with Melissa:  Guilty.

"For Count 4 of the indictment, a violation of Title 18 U.S.C. Subsection 2243(b), for the crime of sexual abuse of a ward for engaging in sexual act with Melissa:  Guilty.

"For Count 5 of the indictment, a violation of Title 18 U.S.C. Subsection 2244(a)(4) for the crime of abusive sexual contact for engaging in sexual contact with Maria:  Guilty.

"For Count 6 of the indictment, a violation of Title 18 U.S.C. Subsection 2244(a)(4) for the crime of abusive sexual contact for engaging in sexual contact with Maria:  Guilty.

"For Count 7 of the indictment, a violation of Title 18 U.S.C. Subsection 2244(a)(4) for the crime of abusive sexual contact for engaging in sexual contact with Rachel:  Guilty.

"For Count 8 of the indictment, a violation of Title 18 U.S.C. Subsection 1001(a)(2) for the crime of making a false statement to a government agency:  Guilty.

"We, the jury in the above-entitled case, having found the defendant guilty of the offense of making a false statement to a government agency as charged in Count 8 of the indictment unanimously find that this offense relates to an offense under

Title 18 United States Code Chapter 109A sexual abuse:  Yes."

Ladies and Gentlemen of the Jury, are the verdicts as I just read your true and correct verdicts?

(Jury responds in the affirmative.)

THE COURT:  Okay.  Hold on.  Hold on.  Is it signed and dated?

THE CLERK:  It's signed by [Redacted], Juror No. 1, dated 12/8/2022.

THE COURT:  We can strike the name for the record.  His name doesn't need to be there.

Would either party like the jury polled?

MR. REILLY:  Please, Your Honor.

THE COURT:  All right.  Let's poll the jury.

THE CLERK:  Ladies and Gentlemen of the jury, as I call your juror number, please indicate by saying "yes" or "no" if the verdicts are, as just read, your true and individual verdicts.

Juror No. 1?

JUROR NO. 1:  Yes.

THE CLERK:  Juror No. 2?

JUROR NO. 2:  Yes.

THE CLERK:  Juror No. 3?

JUROR NO. 3:  Yes.

THE CLERK:  Juror No. 4?

JUROR NO. 4:  Yes.

THE CLERK:  Juror No. 5?

JUROR NO. 5:  Yes.

THE CLERK:  Juror No. 6?

JUROR NO. 6:  Yes.

THE CLERK:  Juror No. 7?

JUROR NO. 7:  Yes.

THE CLERK:  Juror No. 8?

JUROR NO. 8:  Yes.

THE CLERK:  Juror No. 9?

JUROR NO. 9:  Yes.

THE CLERK:  Juror No. 10?

JUROR NO. 10:  Yes.

THE CLERK:  Juror No. 11?

JUROR NO. 11:  Yes.

THE CLERK:  Juror No. 12?

JUROR NO. 12:  Yes.

THE CLERK:  Your Honor, the jury has been polled, and the vote is affirmed.

THE COURT:  All right.  You can record the verdict.

THE CLERK:  Your Honor, the verdicts are recorded.

THE COURT:  Any need to reread the verdict now that they have been recorded?

MR. REILLY:  No, Your Honor.

MS. PRIEDEMAN:  No, Your Honor.

THE COURT:  Members of the Jury, you have now

completed your service in this case, and on behalf of all of the judges of the Northern District of California and on behalf of the parties, please accept my thanks for all of the time that you have spent diligently working and listening in this matter.

Now that this case is over, you may choose whether or not to discuss the case with anyone: The lawyers, the parties, or their representatives, the alternate jurors, and that includes your deliberations and your verdict.

I hereby order that those discussions must occur at a reasonable time, in a reasonable place, and they must occur with your consent. Please report to me any unreasonable contact made without your consent. A party, a lawyer, a representative who violates this rule now violates a court order and may be fined.

So when you leave, if they may approach you, you can shake your head no, and that's it. They won't talk to you. If you want to talk, you're welcome to talk to them. It's entirely up to you.

I'm happy to chat with you, if you'd like. Just let Mr. Garcia know when he takes your badges.

I'm not the most poetic person. I'm certainly not the funniest person. My children tell me that the only reason people laugh at my jokes is because I'm the judge. I'm really not very funny, but I do like to leave you all with just a

thought about your process.

And so I use the words of a former Supreme Court Justice, William O. Douglas.  He had a rather poetic comment on the jury system, and I'd like to leave you with his thoughts.

He stated that a jury reflects the attitudes and morays of the community from which it is drawn.  It lives only for the day and does justice according to its limits.  The group of 12 plus the alternates who were drawn to hear a case make a decision and melt away.

It is not present the next day to be criticized.  It is the one governmental agency that has no ambition.  It is as human as the people who make it up.

And since it is of and from the community, the jury gives the law an acceptance in a way that verdicts by judges such as myself cannot.

So with that, I excuse you.

Are there any questions?  Yes, sir.

**A JUROR:**  I would like to thank you, Your Honor, for your counsel, and I believe I can speak for all of us that it has been an honor to serve in your court.

**THE COURT:**  It is always -- you know, I tell people I am a huge believer in the jury system.  You know, think back a couple weeks when you came into this courtroom, many of you probably didn't want to come, and that's why I always try to start off with a little humor and to thank you.  What you're

doing is so important.  It's so important to our democracy, and I hope you feel that now.

We, as judges, work really hard to make this as efficient for you as we can, but it's important that we have jurors who come and who honor what we're trying to do.  And as Justice Douglas said, you do it without any ambition.  You do it because you're Americans, because you believe in trying to get to the right answer.  And that's why I believe in all of you.  And it's been my honor.

So thank you very much.  I hope you have a wonderful holiday.

**A JUROR:**  Our pleasure, Your Honor.  Thank you.

(Proceedings were heard out of presence of the jury:)

**THE COURT:**  The record will reflect that the jurors have left.  If the parties will come forward, including you, Mr. Garcia.

Mr. Garcia, you are hereby referred to Probation for the preparation of a Presentence Investigation Report.

What happens is that Probation is an arm of the court, and it helps us with our sentencing function.  You are entitled to have your lawyer with you at that interview.  They will interview you.

Probation will prepare a written report.  They will share it with the parties.  The parties can make any objections that they have.  To the extent that the parties have any objections

and they can't resolve them with Probation, that will be resolved by me at your sentencing.

Any post-trial motions under Rule 29 shall be filed according to code. Typically for an out-of-custody defendant, we would set sentencing 90 days out. Ninety days puts us at March 8th.

So I can do your sentencing or at least schedule your sentencing on March 8th. That would be at 2:00.

**MR. REILLY:** That date is fine for me, Your Honor.

**MS. PRIEDEMAN:** That works for the Government as well, Your Honor.

**THE COURT:** All right. We will set it at 2:00 on March 8th.

Is there anything else from the Defense, Mr. Reilly?

**MR. REILLY:** No, Your Honor. Thank you.

**MS. PRIEDEMAN:** Nothing from the Government. Thank you, Your Honor.

**THE COURT:** All right. Then we will stand in recess until March 8th, 2023. Thank you.

**MR. REILLY:** Thank you.

(Proceedings adjourned at 12:14 p.m.)

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, December 8, 2022

_Pamela Batalo Hebel_

Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
U.S. Court Reporter